**Luz Del CARMEN–DEJALA, a.k.a.
Luz Del Carmen Tejada–
Flores, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 10–70491.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2014.*

Filed June 18, 2014.

John Martin Pope, Pope & Associates,
PC, Phoenix, AZ, for Petitioner.

Surell Brady, Esquire, Trial, Oil, U.S.
Department of Justice, Washington, DC,
Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before McKEOWN, WARDLAW, and
M. SMITH, Circuit Judges.

MEMORANDUM **

Luz Del Carmen–Dejala, a native and
citizen of El Salvador, petitions for review
of the Board of Immigration Appeals'
("BIA") order dismissing her appeal from
an immigration judge's ("IJ") decision de-
nying her application for asylum, withhold-
ing of removal, and protection under the
Convention Against Torture ("CAT"). We
have jurisdiction under 8 U.S.C. § 1252.
We review for substantial evidence the

agency's factual findings. *Zehatye v. Gon-
zales,* 453 F.3d 1182, 1184–85 (9th Cir.
2006). We deny in part and grant in part
the petition for review, and we remand.

Substantial evidence supports the agen-
cy's denial of CAT relief because Del Car-
men–Dejala failed to establish it is more
likely than not she would be tortured by or
with the acquiescence of the government if
returned to El Salvador. *See Silaya v.
Mukasey,* 524 F.3d 1066, 1073 (9th Cir.
2008).

In denying Del Carmen–Dejala's asylum
and withholding of removal claims, the
BIA found Del Carmen–Dejala failed to
establish past persecution or a fear of fu-
ture persecution on account of a protected
ground. When the IJ and BIA issued
their decisions in this case they did not
have the benefit of either this court's deci-
sions in *Henriquez–Rivas v. Holder,* 707
F.3d 1081 (9th Cir.2013) (en banc), *Cordo-
ba v. Holder,* 726 F.3d 1106 (9th Cir.2013),
and *Pirir–Boc v. Holder,* No. 09–73671,
750 F.3d 1077, 2014 WL 1797657 (9th Cir.
May 7, 2014), or the BIA's decisions in
*Matter of M–E–V–G–,* 26 I. & N. Dec. 227
(BIA 2014), and *Matter of W–G–R–,* 26 I.
& N. Dec. 208 (BIA 2014). Thus, we
remand Del Carmen–Dejala's asylum and
withholding of removal claims to deter-
mine the impact, if any, of these decisions.
*See INS v. Ventura,* 537 U.S. 12, 16–18,
123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per
curiam). In light of this remand, we do
not reach Del Carmen–Dejala's remaining
challenges to the agency's denial of her
asylum and withholding of removal claims
at this time.

The parties shall bear their own costs
for this petition for review.

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.